UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM LYNN RYAN                                                CIVIL ACTION

VERSUS                                                           NO. 13-6535

D. REZNATOVIC CADET FOX 7                                        SECTION: "H"(3)

REPORT AND RECOMMENDATION

Plaintiff, William Lynn Ryan, filed the instant *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. With respect to actions filed *in forma pauperis*, federal law provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted ...." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

In the complaint, plaintiff's claim, in its entirety, is stated as follows: "Cruel and unusual punishment, humility, embarrassment, pain and suffering."[1] On December 3, 2013, the undersigned notified plaintiff that his complaint failed to state a claim on which relief may be granted and afforded him an opportunity to file an amended complaint correcting that defect on or before January 3, 2014.[2] No amended complaint has been filed.

Despite broadly construing the complaint,[3] this Court finds that plaintiff has failed even to comply with the most rudimentary pleading requirements,[4] much less meet Iqbal's minimum requirements to state a claim on which relief may be granted. Moreover, because plaintiff has failed

---

[1] Rec. Doc. 1, p. 5.

[2] Rec. Doc. 6.

[3] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[4] In Iqbal, the Supreme Court also noted:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Iqbal, 556 U.S. at 677-78 (citations, quotation marks, and brackets omitted). Accordingly, while a plaintiff is not required to set out in detail all the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give a defendant fair notice of the claim and the grounds upon which it rests. Boudeloche v. Grow Chemical Coatings Corp., 728 F.2d 759, 761-62 (5th Cir. 1984); *In re "Santa Barbara Like It Is Today" Copyright*, 94 F.R.D. 105, 107-08 (D. Nev. 1982).

to avail himself of the opportunity to correct that defect by filing an amended complaint, dismissal is now appropriate.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this fifteenth day of January, 2014.

 

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.